UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-08697-PD Date: September 17, 2026

Title *Annette Alarcon v. Keurig Dr Pepper Inc.*

Present: The Honorable: Patricia Donahue, United States Magistrate Judge

| | |
|---|---|
| Isabel Verduzco | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| N/A | N/A |

**Proceedings (In Chambers): Order Striking Motion to Dismiss [Dkt. No. 17]**

On September 15, 2026, Keurig Dr Pepper Inc. ("Defendant") filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion"). Dkt. No. 17. The Court **VACATES** the hearing on the Motion set for October 30, 2026.

The Court strikes the motion for failure to comply with the prefiling conference requirement. C.D. Cal. L.R. 7-4; *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."). "[C]ounsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion." C.D. Cal. L.R. 7-3. "The purpose of Local Rule 7-3 is to help parties reach a resolution which eliminates the necessity for a hearing," which "further[s] judicial economy and the administration of justice." *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co.*, 2016 WL 9223782, at *1 (C.D. Cal.

Sept. 12, 2016) (internal quotation marks and citation omitted); *accord Caldera v. J.M. Smucker Co.*, 2013 WL 6987905, at *1 (C.D. Cal. June 3, 2013) (noting that the rule "enables the parties to brief the remaining disputes in a thoughtful, concise, and useful manner") (internal quotation marks and citation omitted)). This requirement is also set forth in the Court's Standing Order. *See* Dkt. No. 15 at 4 ("Counsel must comply with Local Rule 7-3 . . . .").

"If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion." C.D. Cal. L.R. 7-3.

Defendant failed to include the required certification in its motion. Because the Court is not satisfied that any meet and confer took place before the filing of this Motion, the Court **STRIKES** the Motion.

Defendant shall file its response to the Complaint **within 14 days**. If Defendant seeks to renew its Rule 12 motion, it must provide a declaration establishing compliance with Local Rule 7-3. The Court warns that any further failure by any party to comply with the rules may result in sanctions. C.D. Cal. L.R. 83-7.

**IT IS SO ORDERED**.