MARAL J. SHOAEI (SBN 345117)
shoaei.maral@dorsey.com
DORSEY & WHITNEY LLP
430 Cowper St., Ste. 250
Palo Alto, CA 94301
Telephone: (650) 857-1717
Facsimile: (650) 618-1913

CREIGHTON R. MAGID (*pro hac vice*)
magid.chip@dorsey.com
DORSEY & WHITNEY LLP
1401 New York Avenue NW, Suite 900
Washington, DC 20005
Telephone: (202) 442-3555
Facsimile: (202) 315-3852

Attorneys for Defendant
Keurig Dr Pepper Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE ALARCON,<br>Plaintiff,<br>v.<br>KEURIG DR PEPPER INC.,<br>Defendant. | CASE NO. 2:26-CV-08697-PD<br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br>Complaint Filed: August 6, 2026<br>Trial Date: None Set |

//

//

//

//

**TO THE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 13, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 580 of the above-entitled Court, located at the Edward R. Roybal Federal Building and United States Courthouse, Los Angeles, California, Defendant Keurig Dr Pepper Inc. ("KDP") will and hereby does move this Court for an Order dismissing the Class Action Complaint ("Complaint") filed by Plaintiff Annette Alarcon ("Plaintiff") in the above-captioned action, in its entirety with prejudice.

This Motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. KDP seeks dismissal of the Complaint, with prejudice, on the grounds that the Complaint fails to state a claim against KDP upon which relief can be granted.

Pursuant to the applicable Local Rules, counsel for Defendant Keurig Dr Pepper Inc. met and conferred with counsel for Plaintiff Annette Alarcon regarding the grounds raised in this Motion during a Zoom conference on September 23, 2026. Despite the parties' efforts to resolve the issues informally, they were unable to reach agreement, necessitating the filing of this Motion.

This Motion is based upon the accompanying Memorandum of Points and Authorities, the accompanying Request for Judicial Notice, the files and evidence in this case, and such evidence and argument as may be proffered at the hearing of the Motion.

Dated: September 29, 2026

DORSEY & WHITNEY LLP

By: */s/ Maral J. Shoaei*
Maral J. Shoaei
Creighton R. Magid (*pro hac vice*)

*Attorneys for Defendant*
*Keurig Dr Pepper Inc.*

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)........................................1

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)........................................1

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)........................................4

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013)........................................4

*Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018)........................................4

*Est. of Martinez v. Cnty. of Los Angeles*, No. 2:23-cv-05586-ODW, 2024 U.S. Dist. LEXIS 54391 (C.D. Cal. Mar. 26, 2024)........................................2

*Lorenzen v. Kroger Co.*, 532 F. Supp. 3d 901 (C.D. Cal. 2021........................................5

*McKay v. Kroger Co.*, No. 2:25-cv-06176-SVW-RAO, 2026 U.S. Dist. LEXIS 23559 (C.D. Cal. Feb. 3, 2026)........................................5

*Palmer v. Coca-Cola Co.*, No. CV-25-4777-GW-AGRx, 2025 U.S. Dist. LEXIS 199686 (C.D. Cal. Oct. 8, 2025)........................................2, 5

*Ringler v. J.M. Smucker Co.*, 783 F. Supp. 3d 1229 (C.D. Cal. 2025)........................................5

*Schering-Plough Healthcare Prods. v. Schwarz Pharma, Inc.*, 547 F. Supp. 2d 939 (W.D. Wis. 2008)........................................3

*Squeo v. Campbell Soup Co.*, No. 24-cv-02235-SVK, 2024 U.S. Dist. LEXIS 192003 (N.D. Cal. Oct. 22, 2024)........................................5

*Summers v. Earth Island Inst.*, 555 U.S. 488 (2009)........................................4

**Other Authorities**

Frank H. Verhoff and Hugo Bauweleers, *Citric Acid*, in Ulman's Encyclopedia of Industrial Chemistry (2014)........................................3

**Rules**

Rule 12(b)(6)........................................1

**Regulations**

21 C.F.R. § 10.85(k)........................................3

7 C.F.R. § 205.2........................................3

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Alarcon alleges that KDP's Nantucket Nectars line of juice blend cocktails violates California law and deceives consumers because they are labeled as containing "All Natural Ingredients" but contain citric acid, which Plaintiff claims *may* not be a natural ingredient. Plaintiff, however, fails to plead sufficient facts to support a reasonable inference that the citric acid in Nantucket Nectars is not, in fact, natural. Additionally, Plaintiff lacks standing to seek injunctive relief and to assert claims with respect to Nantucket Nectars products that she did not purchase. The Complaint should therefore be dismissed.

## ARGUMENT

### I. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

A court must grant a Rule 12(b)(6) motion to dismiss where a plaintiff fails to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007)). A complaint lacks facial plausibility where it lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint that merely "tenders 'naked assertions' devoid of 'further factual enhancement'" is insufficient to survive a motion to dismiss, *id.* (quoting *Twombly*, 550 U.S. at 557), as is a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). Moreover, a court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

The Complaint fails plausibly to allege that the citric acid in Nantucket Nectars juice blend cocktails is not natural. The Complaint tacitly concedes that citric acid

may be "natural," but contends that "*nearly all*" and "*[t]he overwhelming majority*" of citric acid used commercially is produced through a fermentation process, which Plaintiff equates to "synthetic" citric acid. Compl. ¶ 25; *see also Palmer v. Coca-Cola Co.*, No. CV-25-4777-GW-AGRx, 2025 U.S. Dist. LEXIS 199686, at *44 n.7 (C.D. Cal. Oct. 8, 2025) (plaintiff noted that "citric acid for use in consumer goods *can* come from natural sources, if the manufacturer so chooses.") (emphasis in original). Plaintiff also concedes that "fruit-extracted" or "natural" citric acid is commercially available, just not in sufficient quantities to be used as an ingredient in *all* of KDP's products. Compl. ¶ 36. Plaintiff then makes the analytical leap that because there is not enough "fruit-extracted" citric acid for KDP to use in *all* of its products, it must not be used in Nantucket Nectars juice blend cocktails. *Id*. Even if it were true that KDP could not use "fruit-extracted" citric acid in *all* of its products – most of which make no claim regarding natural ingredients – hardly leads to the conclusion that KDP does not use "fruit-extracted" citric acid in any *particular* product, such as Nantucket Nectars, that is labeled as having "all natural ingredients." Plaintiff's conjectural allegations, "because they are mere conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Therefore, the court should not "accept such conclusory allegations" or "make the inferential leaps necessary" to reach an actionable claim. *See Est. of Martinez v. Cnty. of Los Angeles*, No. 2:23-cv-05586-ODW, 2024 U.S. Dist. LEXIS 54391, at *17 (C.D. Cal. Mar. 26, 2024).

Second, Plaintiff's definition of "natural" is entirely arbitrary. Plaintiff concedes that even citric acid derived through fermentation is the product of natural ingredients. *See, e.g.*, Compl. ¶ 28 (indicating the use of corn as the base ingredient). Plaintiff appears to contend that a natural ingredient is no longer "natural" if it undergoes a process that "chemically changes a product." Compl. ¶ 30. By this definition, no heated, frozen, pickled, or brined food could be natural, since such foods all undergo chemical changes from heating, freezing, pickling, or brining.

Further, Plaintiff suggests that citric acid produced through fermentation is not "natural" because the base substrate "comes into contact with lime and sulfuric acid" and is chemically converted to a calcium salt and then chemically reconverted." Compl. ¶ 31. Yet the same is true of "fruit-extracted" citric acid. *See* Frank H. Verhoff and Hugo Bauweleers, *Citric Acid*, in Ulman's Encyclopedia of Industrial Chemistry (2014), at 4 (to produce citric acid from citrus fruits, fruit juice historically was "mixed with lime (CaO) to precipitate calcium citrate. The solid was treated with sulfuric acid to precipitate calcium sulfate and form a solution from which citric acid was crystallized.").

Plaintiff points to no surveys or other evidence that reasonable consumers consider one type of lime-and-sulfuric acid process to be "natural" but another type of lime-and-sulfuric acid process to be "non-natural", or that consumers consider fermentation to be anything other than a "natural" process. Mere allegations that consumers have an interest in "healthfulness" and "clean label" foods does not address the deficiency. Citric acid, however produced, is exactly the same chemical. A label listing "citric acid" is a clean label product.

Plaintiff's attempt to cure the deficiencies in the Complaint by pointing to inapposite federal regulations or a non-binding warning letter is unavailing. How USDA defines "synthetic" for purposes of an *organic* designation, *see* 7 C.F.R. § 205.2, says nothing about whether citric acid is a "natural ingredient." Regulations concerning petroleum-derived reagents are equally inapposite because nothing in the Complaint suggests that such reagents are used in the production of the citric acid used in Nantucket Nectars juice blend cocktails. Nor does a single warning letter issued a quarter-century ago have any import. Such warning letters "represent[] the best judgment of that employee at the time . . . but does not represent the formal position of the FDA." 21 C.F.R. § 10.85(k); *see also Schering-Plough Healthcare Prods. v. Schwarz Pharma, Inc.*, 547 F. Supp. 2d 939, 947 (W.D. Wis. 2008) (FDA warning letters "do not constitute an official agency determination") (collecting

cases).

Because the Complaint is devoid of sufficient factual allegations to allege plausibly that the labeling on Nantucket Nectars juice blend cocktails is false or misleading, the Court should dismiss the Complaint for failure to state a claim.

## II. PLAINTIFF LACKS STANDING TO SEEK INJUNCTIVE RELIEF.

A plaintiff must demonstrate Article III standing for each form of relief requested. *Davidson v. Kimberly-Clark Corp*., 889 F.3d 956, 967 (9th Cir. 2018). To seek injunctive relief, a plaintiff must demonstrate a threat of future injury that is "actual an imminent, not conjectural or hypothetical." *Id*. (quoting *Summers v. Earth Island Inst*., 555 U.S. 488, 493 (2009)). The "'threatened injury must be certainly impending to constitute injury in fact' and 'allegations of possible future injury are not sufficient.'" *Id.* (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis in original). "Where standing is premised entirely on the threat of repeated injury, a plaintiff must show 'a sufficient likelihood that he will again be wronged in a similar way.'" *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).

That is Plaintiff's problem here. Plaintiff asserts in her Complaint that the citric acid in *all* commercially-available beverages, including Nantucket Nectars juice blend cocktails, is *necessarily* non-natural citric acid. She therefore cannot plausibly claim that she will be unable to tell in the future whether the citric acid in Nantucket Nectars is "natural" or non-natural. *See Davidson*, 889 F.3d at 970 (a plaintiff may plausibly allege that "she might purchase the product in the future, despite the fact that it was once marred by false advertising or labeling" *only if* the plaintiff "may *reasonably*, but incorrectly, assume the product was improved.") (emphasis added). Because Plaintiff maintains that no citric acid in commercially-available beverages is "natural" and because "by simply looking at the ingredients label, Plaintiff can uncover whether the product contains citric acid and avoid purchasing it," she cannot establish any imminent injury and therefore lacks standing to assert a claim for injunctive relief. *Ringler v. J.M. Smucker Co*., 783 F. Supp. 3d

1229, 1247-48 (C.D. Cal. 2025); *see also McKay v. Kroger Co.*, No. 2:25-cv-06176-SVW-RAO, 2026 U.S. Dist. LEXIS 23559, at *13 (C.D. Cal. Feb. 3, 2026) (because plaintiffs could determine from the label that the product contained citric acid, "there is simply no threat that [plaintiffs] will be deceived in the same way again") (quoting *Squeo v. Campbell Soup Co*., No. 24-cv-02235-SVK, 2024 U.S. Dist. LEXIS 192003 (N.D. Cal. Oct. 22, 2024)) (alteration in original); *Palmer,* 2025 U.S. Dist. LEXIS 199686, at *44 (dismissing claim for injunctive relief for lack of standing because plaintiff could determine from the label that the product contained citric acid, which plaintiff claims is necessarily artificial).

## III. PLAINTIFF LACKS STANDING TO PURSUE CLAIMS WITH RESPECT TO NANTUCKET NECTARS PRODUCTS SHE DID NOT PURCHASE.

Plaintiff alleges that she purchased Orange Mango and Pomegranate Pear Nantucket Nectars juice blend cocktails. Compl. ¶ 12. She does not claim to have purchased any other Nantucket Nectars products. Plaintiff cannot have standing to assert claims with respect to any other flavors of Nantucket Nectars juice blend cocktails because she did not purchase them and therefore cannot claim to have suffered a particularized injury as required by Article III with respect to such products. *See, e.g.*, *Ringler*, 783 F. Supp. 3d at 1245-46; *Lorenzen v. Kroger Co.*, 532 F. Supp. 3d 901, 908-09 (C.D. Cal. 2021).

## CONCLUSION

For the reasons set forth above, the Complaint should be dismissed with prejudice and without leave to amend.

Respectfully submitted,

Dated: September 29, 2026

DORSEY & WHITNEY LLP

By: */s/ Maral J. Shoaei*
Maral J. Shoaei
Creighton R. Magid (*pro hac vice*)

*Attorneys for Defendant*
*Keurig Dr Pepper Inc.*