MARAL J. SHOAEI (SBN 345117)
shoaei.maral@dorsey.com
DORSEY & WHITNEY LLP
430 Cowper St., Ste. 250
Palo Alto, CA 94301
Telephone: (650) 857-1717
Facsimile: (650) 618-1913

CREIGHTON R. MAGID (*pro hac vice*)
magid.chip@dorsey.com
DORSEY & WHITNEY LLP
1401 New York Avenue NW, Suite 900
Washington, DC 20005
Telephone: (202) 442-3555
Facsimile: (202) 315-3852

Attorneys for Defendant
Keurig Dr Pepper Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANNETTE ALARCON,

Plaintiff,

v.

KEURIG DR PEPPER INC.,

Defendant.

CASE NO. 2:26-CV-08697-PD

**DECLARATION OF MARAL J. SHOAEI**

Complaint Filed: August 6, 2026

Trial Date: None Set

**DECLARATION OF MARAL J. SHOAEI IN SUPPORT OF DEFENDANT KEURIG DR PEPPER INC.'S MOTION TO DISMISS**

I, Maral J. Shoaei, declare as follows:

1. I am an attorney duly licensed to practice before this Court and am counsel of record for Defendant Keurig Dr Pepper Inc. ("KDP") in this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. This declaration is submitted pursuant to Local Rule 7-3 of the Local Rules of the United States District Court for the Central District of California.

3. On September 23, 2026, I participated in a meet-and-confer conference with counsel for Plaintiff Annette Alarcon ("Plaintiff") regarding the grounds for Defendant's contemplated Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The conference was conducted via Zoom.

4. During the conference, counsel discussed in detail the legal and factual bases for KDP's position that the Complaint fails to state a claim upon which relief can be granted. Counsel for KDP explained the deficiencies identified in the Complaint and the grounds upon which KDP intended to seek dismissal.

5. Plaintiff's counsel took into consideration Defendant's arguments and followed up on September 27, 2026, indicating that Plaintiff disagreed with KDP's position that dismissal is warranted.

6. The parties engaged in a good-faith discussion regarding the issues raised by the contemplated motion and explored whether any agreement could be reached that would obviate the need for motion practice.

7. Despite those efforts, the parties were unable to reach a consensus or otherwise resolve the issues that are the subject of Defendant's Motion to Dismiss. As a result, Defendant determined that filing the Motion was necessary.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 29th of September 2026.

*/s/ Maral J. Shoaei*
Maral J. Shoaei